IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 13–cv–00212–REB–KMT


COREY ALDEN CLARK,

       Plaintiff,

v.

Former or current Denver Police Officers BRIAN PACELKO,
JOSHUA VALERIAO, and other unknown officers, in their individual and official capacities,
GERALD R. WHITMAN, Former Chief, Denver Police Department, in his individual and official
capacities,
CHIEF OF POLICE ROBERT WHITE, and
THE CITY AND COUNTY OF DENVER,

       Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter comes before the court on Plaintiff Corey Alden Clark's failure to appear at the

July 18, 2013 Scheduling Conference, the August 13, 2013 Show Cause Hearing, and his failure to

comply with this court's orders.

Pursuant to the Order of Reference dated January 30, 2013 (Doc. No. 5), this civil action was

referred to the Magistrate Judge to, *inter alia*, convene a scheduling conference under Fed. R. Civ. P.

16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2.  (*Id.*)

Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado,

"[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order."  D.C.COLO.LCivR 41.1.

On July 15, 2013, Defendants filed their Proposed Scheduling Order.  (Doc. No. 20.) Therein, Defendants state that they did not confer with Plaintiff in preparing the Proposed Scheduling Order and, as such, filed it unilaterally.  (*Id.* at 2.)  As grounds, Defendants assert that, although Plaintiff filed this matter *pro se,* Plaintiff since indicated to Defendants' counsel that he is now represented by counsel.  (*Id.*)  Although Defendants' counsel communicated with Plaintiff's purported counsel on multiple occasions, and that attorney indicated that she was representing Plaintiff in this case, no entry of appearance was ever filed.

After filing Defendants' Partial Motion to Dismiss (Doc. No. 17), Defendants' counsel sent correspondence to Plaintiff's counsel and encouraged her to enter an appearance in this matter. Defendants' counsel also mailed the Motion to Dismiss directly to Plaintiff as the docket still indicated that he was unrepresented and therefore acting *pro se*.  Plaintiff did not file a response to Defendants' Motion to Dismiss, either *pro se* or through his attorney, and to this date, Plaintiff's purported counsel still has not entered an appearance on his behalf.  Further, neither Plaintiff or his attorney appeared at the July 18, 2013 Scheduling Conference.  (*See* Courtroom Minutes, Doc. No. 22, filed July 18, 2013.)

Plaintiff bears the responsibility of complying with court orders and prosecuting his case.  The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants.  *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993).  Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2)

and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party

fails to obey pretrial orders.  Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to

dismiss a case when a party fails to prosecute a case.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction

a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural

rules."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002).  However, a dismissal with prejudice

is a more severe sanction, and generally requires the district court to consider certain criteria.

*AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th

Cir.2009).  In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a

non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with

prejudice.  The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of

interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned

the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5)

the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates

Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996).  "[D]ismissal is warranted

when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on

their merits.' " *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir.

2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Consideration of the *Ehrenhaus* factors weighs in favor of dismissal with prejudice.  First, the

court finds that Defendants have been prejudiced by Plaintiff's failure to prosecute this case.  They

responded to Plaintiff's Complaint by filing their Partial Motion to Dismiss on May 24, 2013 and also

complied with their court-ordered obligations by filing a proposed scheduling order—even though they had not received any input from Plaintiff.  In light of Plaintiff's failure to prosecute this matter, these actions were taken in vain.

Second, the court finds that Plaintiff has significantly interfered with the judicial process by failing to prosecute this matter and by failing to respond to court orders.  Plaintiff now has failed to respond to this court's Order to Show Cause or to give an explanation for his, or his purported attorney's, failure to appear at the Scheduling Conference.

To be sure, the docket indicates that the Order to Show Cause was returned as undeliverable after it was sent to Plaintiff at the address submitted by him to the court and featured on the court's CM/ECF filing system.  (*See* Doc. No. 25; *see also* Doc. No. 6.)  However, in this respect, Plaintiff has failed to comply with this District's local rule that any party, including a *pro se* party, must file a notice of change of address within five days that features the new address where that party may be reached.  *See* D.C.COLO.LCivR 10.1M.  Altogether, Plaintiff has shown contempt by willfully failing to comply with this court's orders, the local rules of this District, and by repeatedly wasting judicial resources.  Third, this court finds Plaintiff is culpable for the delays in this case and for the violations of this court's orders.  Fourth, this court specifically warned Plaintiff that his failure to comply with this court's orders could result in a recommendation for dismissal for his failure to comply.

The court concludes that the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal with prejudice is appropriate.

WHEREFORE, for the foregoing reasons, the court respectfully

4

RECOMMENDS that the Complaint and this action be dismissed in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds,* 965 F.2d 916 (10th Cir. 1992). The court further

RECOMMENDS that Defendant City and County of Denver, Valerio, Pacelko, White, and Whitman's Partial Motion to Dismiss" (Doc. No. 17) be DENIED as moot.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and

specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of August, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge