**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13–cv–00212–REB–KMT

COREY ALDEN CLARK,

    Plaintiff,

v.

Former or current Denver Police Officers BRIAN PACELKO,
JOSHUA VALERIAO, and other unknown officers, in their individual and official capacities,
GERALD R. WHITMAN, Former Chief, Denver Police Department, in his individual and official
capacities,
CHIEF OF POLICE ROBERT WHITE, and
THE CITY AND COUNTY OF DENVER,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the **Recommendation of United States Magistrate Judge** [#27][1] filed August 28, 2013. I approve and adopt the recommendation.

    The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See **Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

No objections to the recommendation were filed. Thus, I review it only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Finding no error, much less plain error, in the recommendation of the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court. Appropriately, the magistrate judge recommends that the complaint of the plaintiff be dismissed, with prejudice, under FED. R. CIV. P. 41 and D.C.COLO.LCivR 41.1.

As detailed in the recommendation [#27], the plaintiff has done essentially nothing to prosecute this case since the complaint was filed. The defendants have sought to meet their obligations in this case and have encouraged the plaintiff and counsel who claimed to represent the plaintiff to meet their obligations. Notably, counsel never has entered an appearance in this case on behalf of the plaintiff. The plaintiff failed to respond to an order to show cause issued by the magistrate judge.

In determining whether dismissal as a sanction for the failure of a party to prosecute is appropriate, I must evaluate several factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.

*Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002), citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992). These criteria are known as the *Ehrenhaus* factors. "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter. *Morales-Fernandez*, 418 F.3d at 1122.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  Dismissal is an appropriate sanction if, after considering all of the factors, the court "concludes that dismissal alone would satisfy the interests of justice." *Id*.

The magistrate judge considered this case in light of these factors and concluded that this case should be dismissed with prejudice as a sanction for the failure of the plaintiff to prosecute this case and his failure to obey the orders of this court. I concur.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#27] filed August 28, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That under FED. R. CIV. P. 41 and D.C.COLO.LCivR 41.1, the complaint [#1] of the plaintiff is **DISMISSED** with prejudice;

3. That under FED. R. CIV. P. 58, judgment **SHALL ENTER** against the plaintiff, Corey Alden Clark, in favor of the defendants, Brian Pacelko, Joshua Valeriao, Gerald R. Whitman, Chief of Police Robert White, and the City and County of Denver; and

4. That the defendants are **AWARDED** their costs to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 25, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

3